UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ZAKIA PARVEEN and MAHMOOD
SHAHID,

                   Plaintiffs,

   -against-

WELLS FARGO BANK, N.A., ROSICKI,
ROSICKI & ASSOCIATES, P.C., and
SURESH BUDHOO

                 Defendants.
--------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

22-CV-3213 (RPK)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this civil Racketeer Influenced and Corrupt

Organizations Act ("RICO") 18 U.S.C. § 1964 action, on referral from the Honorable

Rachel P. Kovner for Report and Recommendation, is Defendant Wells Fargo Bank,

N.A.'s ("Wells Fargo") unopposed motion to dismiss. *See* Notice of Motion ("Def.

Mot."), Docket Entry ("DE") [14-1]; Memorandum of Law in Support of Motion to

Dismiss Complaint ("Def. Mem."), DE [14-15].  By way of Complaint dated May 31,

2022, Plaintiffs *pro se* Zakia Parveen ("Parveen") and Mahmood Shahid ("Shahid,"

together "Plaintiffs") commenced this action against Defendants Wells Fargo,

Rosicki, Rosicki & Associates, P.C. ("Rosicki") and Suresh Budhoo ("Budhoo,"

collectively "Defendants") alleging Defendants violated RICO by engaging in a

racketeering scheme in relation to a mortgage foreclosure action that occurred in New

York Supreme Court, Nassau County. *See* Complaint ("Compl."), DE [1].  For the

reasons set forth below, the Court recommends granting Wells Fargo's Motion and dismissing the Complaint with prejudice.

## I.     BACKGROUND

### A. Relevant Facts

The following facts are taken from the Complaint and Wells Fargo's submissions, and are assumed true for purposes of this Report and Recommendation.[1]

Parveen and Shahid are married and reside, or used to reside, at 362 Mill Road, Valley Stream, New York 11581 (the "Property").  Compl. ¶ 2.  Wells Fargo is a national bank that services, *inter alia*, home mortgages.  *See id*. ¶ 3.  Rosicki is a law firm specializing in mortgages and foreclosures and has its principal place of business in Plainview, New York.  *Id*. ¶ 4.  Budhoo resides in Nassau County and now owns the property located at 242 Mill Road, Valley Stream, New York 11581.[2]

According to Plaintiffs, on or about May 5, 2005, Parveen executed a mortgage note for the Property to Wachovia Mortgage, FSB, which later merged with Wells Fargo.  *Id*. ¶ 6.  Parveen then executed a loan modification on or about July 20, 2010. *Id*.

Plaintiffs further allege that on December 4, 2018, the U.S. Attorney's Office announced a settlement of civil fraud claims against Rosicki where the firm

---

[1] The Court notes that the factual allegations in the Complaint are sparce, and Plaintiffs failed to file an opposition to Wells Fargo's motion.  As a result, Well Fargo's submissions are used to supplement the allegations for purposes of this Report and Recommendation.

[2] It is not clear whether this address is a typo and should refer to the Property, but this allegation has no bearing on the Court's conclusions.

"systematically generated false and inflated bills for foreclosure and eviction related expenses." *Id*. ¶ 7.  According to Plaintiffs, they "were victims of defendants' RICO scheme in regard to their mortgage and loan modification," although no further explanation is provided. *Id*. ¶ 8.  Plaintiffs claim that because of this RICO scheme, the Property was foreclosed and sold, and they face homelessness. *Id*. ¶ 9.  Plaintiffs request that the Court grant them title to the Property and vacate the judgment of the foreclosure and sale. *See id*.  Plaintiffs fail to allege how the Rosicki firm is related to them, provide any allegations regarding Defendant Budhoo, or explain further how Defendants and Plaintiffs are related to each other, if at all.

According to Wells Fargo, on September 24, 2013, an action to foreclose on a mortgage against the Property entitled *Wells Fargo Bank, N.A. v. Zakia Parveen, et al*., Index No. 11666/2013 (the "Foreclosure Action") commenced in Nassau County Supreme Court.  Def. Mem. at 3; *see* Declaration of Kerren B. Zinner ("Zinner Decl."), DE [14-2], Exhibit ("Ex.") D.  On May 13, 2015, the Supreme Court granted summary judgment in favor of Wells Fargo and entered judgment of foreclosure and sale on April 15, 2016.  *See* Def. Mem. at 3; Zinner Decl., Ex. C.  Following entry of the judgment, two sales of the Property were cancelled due to the filing of two separate Chapter 13 bankruptcies by Plaintiffs.  Def. Mem. at 3.  A third foreclosure sale, scheduled for July 17, 2018 was also cancelled in light of Plaintiffs' filing of an order to show cause in state court, which was ultimately denied by order dated October 30, 2018.  *See id*.; Zinner Decl., Ex. F.  Then, in response to Plaintiffs filing another bankruptcy, an order for in rem relief from the bankruptcy stay was obtained,

preventing any future automatic stays against the Property.  *See* Zinner Decl., Ex. G. The court held that the "bankruptcy petition was part of a scheme to delay, hinder, or defraud" and that there had been a failure to "perform the duties under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property." *Id*.  Afterwards, the sale of the Property was held on October 22, 2019.  Zinner Decl., n. 1.

After commencement of the Foreclosure Action, the subject loan was transferred to U.S. Bank Trust National Association ("U.S. Bank") with Selene Finance LP ("Selene") acting as the servicer.  Zinner Decl., n.2.  Wells Fargo contends that on November 1, 2019, Plaintiffs filed a complaint in Nassau County Supreme Court against Wells Fargo, Selene and U.S. Bank, under Index No. 001194/2019 (the "2019 Action").  Def. Mem. at 4; *See* Zinner Decl., Ex. H.  The complaint was premised on allegations of wrongdoing at the origination of the subject loan, and that Wells Fargo lacked standing to commence the Foreclosure Action.  *See* Zinner Decl., Ex. H. On December 12, 2019, Wells Fargo filed a motion to dismiss Plaintiffs' 2019 Action, which the Supreme Court granted on April 15, 2020 and determined that "[P]laintiffs' claims [we]re barred by the doctrines of res judicata, as [P]laintiffs s[ought] to relitigate issues upon which a final judgment has been made in the related foreclosure action. . . ."  Zinner Decl., Ex. I.

On or about November 25, 2020, Wells Fargo claims that Plaintiffs filed a second complaint in Nassau County Supreme Court virtually identical to the 2019 Action against it, Selene and U.S. Bank under Index No. 000629/2020 (the "2020

Action").  Def. Mem. at 4; *see* Zinner Decl., Ex. J.  On December 30, 2020, Wells Fargo filed a motion to dismiss the 2020 Action, which was granted on June 15, 2021.  *See* Zinner Decl., Ex. K.  The action was dismissed on default following Plaintiffs' failure to oppose the motion.  *Id*.

Finally, Wells Fargo alleges that on September 15, 2021, Plaintiffs filed a third complaint in Nassau County Supreme Court under Index No. 000604/2021  (the "2021 Action"), alleging materially identical claims against Wells Fargo to those alleged in the 2019 and 2020 Actions.  Def. Mem. at 5; *see* Zinner Decl., Ex. L.  On October 22, 2021, Wells Fargo filed a motion to dismiss Plaintiffs' 2021 Action, which was granted on January 27, 2022 on res judicata grounds.  *See* Zinner Decl., Ex. B.  The Nassau County Supreme Court also explicitly "enjoined, restrained and prohibited" Plaintiffs from "commencing any civil action against [Wells Fargo, and the other defendants therein] without seeking prior leave of Court."  *Id*.

## B.  Procedural History

Plaintiffs commenced this action by way of Complaint dated May 31, 2023 against Wells Fargo, Rosicki, and Budhoo alleging that Defendants violated RICO by engaging in a racketeering scheme in relation to the Foreclosure Action in Nassau County Supreme Court.  *See generally* Compl.[3]  On July 26, 2022, Wells Fargo requested a pre-motion conference for leave to file a motion to dismiss.  DE [10].

---

[3] Rosicki and Budhoo have not appeared or answered the Complaint, although Summons have not been issued or returned executed as to these Defendants.  Nevertheless, as explained below, the Court recommends that Plaintiffs' claims be dismissed under the *Rooker-Feldman* doctrine and res judiciata, so any remaining claims against Rosicki and Budhoo would also be dismissed should this Report and Recommendation be adopted.

Plaintiffs failed to respond to the pre-motion conference letter, and Judge Kovner set a briefing schedule. *See* August 29, 2022 Electronic Order. Wells Fargo filed its motion to dismiss on November 9, 2022, which Plaintiffs failed to oppose or request an extension of time to file a response. *See* Def. Mot. Wells Fargo seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and also requests sanctions given Plaintiffs' violation of the Nassau County Supreme Court's Order. Def. Mem. at 5-6. Despite a *sua sponte* extension by Judge Kovner to respond to Wells Fargo's Motion, Plaintiffs failed to do so, and the motion was deemed fully briefed and referred to this Court for Report and Recommendation. *See* December 12, 2022 Electronic Order. For the reasons set forth below, the Court respectfully recommends granting Wells Fargo's Motion and dismissing Plaintiffs' Complaint with prejudice.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). To that end, "[d]etermining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. National Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). In deciding a motion to dismiss for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *U.S. ex rel. Phipps*

*v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001). Nevertheless, "[w]here subject matter jurisdiction is challenged, . . . a court may consider materials outside the pleadings, such as affidavits, documents and testimony." *Id.*; *see Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 89, n.8 (2d Cir. 2006) ("The presentation of affidavits on a motion under Rule 12(b)(1) . . . does not convert the motion into a motion for summary judgment under Rule 56.").

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-

moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)).  "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  "The court's consideration on a motion under Fed. R. Civ. P. 12(b)(6) is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see Burton v. American Fed'n of Gov't Employees (AFGE) 1988*, No. 11-cv-1416, 2012 WL 3580399, at *5 (E.D.N.Y. Aug. 17, 2012).

### C. *Pro Se* Pleadings

It is well-established that pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.") (internal citations omitted). A court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Board of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted); *see Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances so that . . . *pro se* plaintiffs do not forfeit their rights by virtue of their lack of legal training."). Nevertheless, the court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. American Educ. Servs./PHEAA*, No. 12-CV-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sep. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)).

## III.  DISCUSSION

### A. *Rooker-Feldman*

Initially, Wells Fargo argues that the *Rooker-Feldman* doctrine bars Plaintiffs' claim. *See* Def. Mem. at 8. Pursuant to *Rooker-Feldman*, federal district courts are prohibited from exercising subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-415, 44 S. Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517 (2005), the Supreme Court limited the application of the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Id.* at 284, 125 S. Ct. 1517; *see Skinner v. Switzer*, 562 U.S. 521, 531, 131 S. Ct. 1289, 1297 (2011).   Thus, there are four requirements for the *Rooker-Feldman* doctrine's application:  (1) the party raising the claim must have lost in state court; (2) her injuries must be caused by the state court judgment; (3) the claim must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the federal court proceedings.  *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010).  The first and fourth requirements are "procedural," while the second and third requirements are "substantive."  *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010); *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

Nevertheless, "[i]f a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court."  *Skinner*, 562 U.S. at 532, 131 S. Ct. at 1297 (quotations, brackets and citation omitted); *see Gordon v. First Franklin Fin. Corp.*, No. 15CV0775SJFAKT, 2016 WL 792412, at *4 (E.D.N.Y. Feb. 29, 2016).  Indeed, the Second Circuit has held that where "claims sounding under the FDCPA, RICO, and state law speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments," the *Rooker-Feldman* doctrine does not apply.  *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94-95 (2d Cir. 2015).  This is true where "state-court judgments were a mere ratification of the harm allegedly caused by

defendants." *Sung Cho v. City of New York,* 910 F.3d 639, 647 (2d Cir. 2018); *Gordon*, 2016 WL 792412, at *5 ("plaintiff's claims seeking to recover compensatory and punitive damages from defendants for injuries she allegedly sustained as a result of defendants' purported fraud, conversion, unjust enrichment and deceptive business practices do not require this Court to sit in review of the foreclosure judgment and, thus, are not barred by the *Rooker-Feldman* doctrine.").

Applying these standards, the Court concludes that *Rooker-Feldman* precludes Plaintiffs' claim.  All four requirements are present as Plaintiffs lost in state court and the Foreclosure Action was completed prior to the filing of the instant action. Moreover, the alleged injuries in the Complaint were the result of the foreclosure and sale of the Property, and the substance of Plaintiffs' claim invites the Court to review and reject the state court judgment.  While Plaintiffs bring a RICO claim which ordinarily would be exempted from the *Rooker-Feldman* doctrine, the allegations as to the racketeering activity are vague, conclusory or missing entirely such that they fail to establish that the Court has subject matter jurisdiction over the claim. Moreover, Plaintiffs fail to allege that that their injuries are separate from the Foreclosure Action as they request the Court to grant them title to the Property and vacate the judgment of the foreclosure and sale.  *See generally* Compl.  The allegations, therefore, request the Court to review the state court judgment. Accordingly, the Court recommends dismissing Plaintiffs' claim under *Rooker-Feldman.*

### B. Res Judicata

Next, Wells Fargo argues that res judicata bars Plaintiff's claims.  Def. Mem. at 7-8.  A challenge under res judicata "may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).  "Under the doctrine of res judicata, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  *Aghaeepour v. Northern Leasing Sys., Inc.*, 378 F. Supp. 3d 254, 265 (S.D.N.Y. 2019) (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)).

Because a federal court must give a state-court judgment the same preclusive effect it would be given by the courts of that state, Defendant's res judicata defense is governed by New York law.  *See Ferris v. Cuevas*, 118 F.3d 122, 125-26 (2d Cir. 1997).  In New York, "[t]he doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter[.]"  *Josey v. Goord*, 9 N.Y.3d 386, 389, 849 N.Y.S. 2d 497, 499 (2007) (quotations and citation omitted); *see Landau, P.C. v. LaRossa, Mitchell & Ross,* 11 N.Y.3d 8, 12, 862 N.Y.S. 2d 316, 319 (2008) ("[U]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action.") (quotations and citation omitted).  Thus, "[r]es judicata applies in New York where (1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom res judicata is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action."  *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 338 (E.D.N.Y.

12

2012) (quotations, brackets and citation omitted).  Res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation[,]" because "a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again."  *Matter of Hunter*, 4 N.Y.3d 260, 269, 794 N.Y.S. 2d 286, 291 (2005).

New York generally applies a "transactional approach" to res judicata, such that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy[.]"  *Id.* (quotations and citation omitted).  In determining whether particular claims are part of the same transaction for purposes of res judicata, New York courts apply a "pragmatic" test, "analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage[.]"  *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100-01, 810 N.Y.S. 2d 96, 98 (2005) (quotations and citation omitted).

In the foreclosure context specifically, "Courts in this Circuit have found a plaintiff's federal court claim is precluded by a state-court judgment . . . when the plaintiff has alleged in federal court that the defendants acted improperly in connection with the making, validity, or enforcement of the underlying mortgage."  *Bell v. Deutsche Bank*, No. 18-cv-1593, 2019 WL 4917901, at *5 (E.D.N.Y. Sep. 30, 2019) (collecting cases); *see George v. Nationstar Mortg., LLC*, No. 16-cv-261, 2017 WL 3316065, at *7 (E.D.N.Y. Aug. 2, 2017); *Zap v. Federal Home Mortg. Corp.*, No.

13

15-cv-0624, 2016 WL 2992147, at *4 (N.D.N.Y. May 20, 2016); *Gordon*, 2016 WL 792412, at *7; *Solomon v. Ocwen Loan Servicing, LLC*, No. 12-cv-2856, 2013 WL 1715878, at *7 (E.D.N.Y. Apr. 12, 2013).

Applying these standards, the Court concludes that Plaintiffs' claim is barred by res judicata.  The foreclosure judgment constitutes a final adjudication on the merits, Parveen and Shahid were named parties in the state foreclosure action, and Wells Fargo was the plaintiff in the foreclosure proceedings.  Further, Plaintiffs' claims of a racketeering scheme "in regard to their mortgage and loan modification" that caused Plaintiffs' residence to be foreclosed upon, Compl. ¶¶ 8-9, relate to the parties' rights and obligations with respect to the Property, and could have been raised by Plaintiffs in the Foreclosure Action.  These allegations all stem from the same transaction, namely, the foreclosure on the mortgage, and the remedy Plaintiffs seek is for the Court to grant them title to the Property and vacate the judgment of foreclosure and sale.  *See id.*  Accordingly, Plaintiffs' claim is barred by the doctrine of res judicata, and the Court recommends granting Wells Fargo's motion on this alternative ground and dismissing the Complaint.

## C. RICO

Wells Fargo also argues that, notwithstanding the above, Plaintiff fails to state a viable claim under RICO, so the cause of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Def. Mem. at 9.  Congress enacted RICO to "'prevent organized crime from infiltrating America's legitimate business organizations.'" *Manley v. Doby*, No. 12-cv-4835, 2012 WL 5866210, at *3 (E.D.N.Y. Nov. 19, 2012)

(quoting *Moccio v. Cablevision Sys. Corp.*, 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002)).
The Act contains a criminal provision, *see* 18 U.S.C. § 1962, and a civil provision, *see*
18 U.S.C. § 1964.   To establish a civil RICO claim, "a plaintiff must show: '(1) a
violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property;
and (3) that the injury was caused by the violation of Section 1962.'" *DeFalco v.
Bernas*, 244 F.3d 286, 305 (2d Cir. 2001) (quoting *Pinnacle Consultants, Ltd. v.
Leucadia Nat'l Corp.*, 101 F.3d 900, 904 (2d Cir. 1996)).

The Second Circuit has held that a RICO plaintiff has two pleading burdens.
First, a plaintiff "must allege that the defendant has violated the substantive RICO
statute, 18 U.S.C. § 1962, commonly known as 'criminal RICO.'" *Moss v. Morgan
Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).   To satisfy this burden, the plaintiff must
allege "seven constituent elements: (1) that the defendant (2) through the commission
of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly
or indirectly invests in, or maintains an interest in, or participates in (6) an
'enterprise' (7) the activities of which affect interstate or foreign commerce." *Id.*
(quoting 18 U.S.C. § 1962(a)-(c)).   A plaintiff must adequately allege these seven
elements "before turning to the second burden—*i.e.*, invoking RICO's civil remedies."
*Id.* (internal citation omitted).   To satisfy the second burden, a plaintiff "must allege
that he was 'injured in his business or property by reason of a violation of section
1962.'" *Id.* (quoting 18 U.S.C. § 1964(c)).

Finally, in order to successfully plead a RICO claim, "'the circumstances
constituting the alleged fraud must be pled with particularity'" pursuant to Fed. R.

Civ. P. 9(b). *Sampson v. Medisys Health Network Inc.*, No. 10-cv-1342, 2011 WL 579155, at *5 (E.D.N.Y. Feb. 8, 2011) (quoting Fed. R. Civ. P. 9(b)). To satisfy Rule 9(b), a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989).

Here, the Court concludes that the Complaint fails to set forth a plausible RICO cause of action. Initially, Plaintiffs fail to allege, with the required particularity, that Defendants – either jointly or individually – committed two or more injurious acts, such that they could be considered a "pattern." Indeed, Plaintiffs fails to identify any individual Defendant's purported wrongful acts or omissions with the particularity required by Rule 9(b). Further, the Amended Complaint does not sufficiently allege the kind of "racketeering activity" that Defendants were engaged or how they participated in an "enterprise." *See First Nationwide Bank v. Gelt Funding, Corp.*, 820 F. Supp. 89, 98 (S.D.N.Y. 1993), *aff'd*, 27 F.3d 763 (2d Cir. 1994) ("[A] series of discontinuous independent frauds is no more an 'enterprise' than it is a single conspiracy."). These omissions are fatal to Plaintiffs' RICO claim, especially in light of their burden to allege multiple predicate acts, which constitute a pattern of racketeering activity. Accordingly, the Court respectfully recommends that Plaintiffs' RICO claim again be dismissed for failure to state a claim.

### D. Leave to Amend

Although Plaintiffs did not request leave to amend, the Court may grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held that "a *pro se* litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984) ); *see Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them."). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Rodriguez v. Ridge Pizza Inc.*, No. 16-CV-0254, 2018 WL 1335358, at *3-4 (E.D.N.Y. Mar. 15, 2018) (quoting *MHANY Mgmt. v. County of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012)); *see Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (quoting *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)). Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). Finally, a district court may deny leave to amend when an "amendment would be futile because the problem with the claim 'is substantive . . . [and] better pleading will not cure it.'" *Reynolds v. City of Mount Vernon*, 14-CV-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (alteration in original)).

17

Applying these standards, because the Court recommends dismissing Plaintiffs' claims based the *Rooker-Feldman* doctrine and res judicata, any amendment would be futile. There are no additional factual allegations Plaintiffs could offer that would cure the substantive defects in their claims. Accordingly, the Court recommends that Plaintiffs be denied leave to file an amended complaint.

### E. Sanctions

Finally, Wells Fargo argues that because Plaintiffs are in violation of a Nassau County Supreme Court Order enjoining them from filing any civil action against Wells Fargo absent leave of the Court, sanctions should be awarded. Def. Mem. at 6-7. Wells Fargo fails to specify what kind of sanction it seeks, however.

"'If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.'" *McCracken v. Natale*, 04CV5456JSARL, 2008 WL 5274317, at *6 (E.D.N.Y. Dec. 17, 2008) (quoting *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted)). Under 18 U.S.C. § 401, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." A district court may use its civil contempt powers "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk,* 738 F. App'x 19, 22 (2d Cir. 2018) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497,

499 (1949)).  To justify a civil contempt order, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Moreover, "[i]t is the duty and power of district courts to enforce filing injunctions against plaintiffs that 'abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive' litigation." *Midamines SPRL Ltd. v. KBC Bank N.V.*, 719 F. App'x 41, 44 (2d Cir. 2017) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . A history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel is enough."  *In re Martin-Trigona*, 737 F.2d at 1262.  The Court may impose an award of attorneys' fees for violation of an anti-filing injunction.  *See*, *e.g.*, *New Phone Co. v. New York City Dep't of Info. Tech. & Telecommunications*, 2007 WL 2908110, at *17 & n.9 (E.D.N.Y. Oct. 5, 2007), *report and recommendation adopted*, 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008); *Ouadrozzi v. City of New York*, 127 F.R.D. 63, 83 (S.D.N.Y. 1989) (noting the "inherent equitable power [a court has] to authorize the award of monetary sanctions when a party engages in bad faith litigation").  Nevertheless, "a court may not impose sanctions under its inherent power unless the party has 'acted in bad

faith, vexatiously, wantonly, or for oppressive reasons.'" *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014).

Applying these standards, while the Court agrees that Plaintiff has violated the Nassau County Supreme Court Order, the Court recommends declining to impose sanctions against Plaintiffs. Initially, Plaintiffs failed to seek leave of the Supreme Court to file the instant action in violation of the Order in the 2021 Action, which states:

> Those branches of the Defendants' respective motions which seek injunctive relief have been sufficiently plead inasmuch as it has been demonstrated that multiple meritless complaints have been filed and dismissed seeking identical relief such that Plaintiffs must be required to seek leave of court prior to filling any further actions as against defendants herein without seeking prior leave of Court."

Zinner Decl., Ex. B. Wells Fargo, however, does not specify under what authority it seeks sanctions or the type of sanction it requests the Court to impose in its moving papers. Accordingly, the Court recommends denying sanctions against Plaintiffs at this time, and instead recommends issuing a warning to Plaintiffs that repeated filings of a complaint based upon the same facts and issues may result in the issuance of an order prohibiting them from filing any future lawsuits in this Court without first obtaining leave of the Court. Further, should this Report and Recommendation be adopted, the Court recommends that Plaintiffs be advised that they must annex a copy of the Order to any complaint they seek to file in the United States District Court for the Eastern District of New York, and that failure to abide by any of the terms of the Order could result in the imposition of sanctions. *See McCracken*, 2008 WL 5274317, at *6 (issuing a similar warning).

## IV.    CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting Wells Fargo's Motion and dismissing Plaintiffs' Complaint with prejudice.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being sent to Defendants by electronic filing on the date below.  Wells Fargo is directed to serve a copy of it on Plaintiffs via first-class mail and promptly file proof of service by ECF.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. 22 Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      June 6, 2023

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge